3:14-bk-33358

## IN THE U.S. BANKRUPTCY COURT FOR THE EASTERN DISTRICT OF TENNESSEE
## CHAPTER 13 PLAN

__X__  Original        ____Amended Pre-Confirmation        _____Modified Post-Confirmation

IN RE:    **Danny Lee Hutchens**                          CASE NUMBER:
          **Cynthia Simmons Hutchens**

          Debtor

1.    **PLAN PAYMENT/TERM.** The debtor shall make plan payments of **$ 3,200.00** on a  ____ weekly; ___ bi-weekly; ____ semi-monthly; or __X__ **monthly** basis over a term of _60_ **months** by _X_**direct pay** or _____wage order. If payments are by wage order, debtor(s) shall be responsible for making plan payments directly to the Trustee until the employer commences wage order deductions.  Debtor(s) shall commence plan payments not later than 30 days from the date of filing of the plan; provided, however, debtors shall make a full month of plan payments within 30 days from filing if the plan provides for the payment of filing fees, adequate protection payments, and/or secured creditor payments.

2.    **TAX REFUNDS.**  In addition to the plan payments in Paragraph 1, debtor(s)' tax refunds and/or earned income credits shall be paid into the plan as follows: ___ none; ___ all; or, _X__ **in excess of $_1,000.00_**.  A tax intercept order shall be issued for the debtor(s)' tax refund to be remitted directly by the Internal Revenue Service to the Trustee with the Trustee refunding debtor(s)' portion of the tax refund; provided, however, debtor(s) shall remit the required tax refund monies directly to the Trustee, if not intercepted.   If the debtor(s) is delinquent in plan payments at the time of tax intercept, then the entire tax refund/credit shall be paid into the plan with the debtor(s)' portion of the refund applied to the plan arrearage and the balance, if any, refunded to the debtor.   In the event of a joint tax refund, the debtor must supply an affidavit from the non-filing spouse necessary for tax refund distribution herein.

3.    **PROPERTY OF THE ESTATE/INSURANCE.**  Debtor(s)' income and assets remain property of the estate and do not vest in the debtor until completion of the plan.  Debtor(s) shall be responsible for any and all legal or contractual insurance requirements required to be maintained on estate properties.  Debtor(s) retaining possession of personal property subject to a lease or securing a claim attributable to the purchase price of personal property shall within 60 days of bankruptcy filing provide the creditor with proof of full coverage insurance and maintain the same so long as the debtor(s) shall retain possession of said property.

4.    **PRIORITY AND ADMINISTRATIVE EXPENSES.**  Such expenses under 11 U.S.C. §503(b) and §1326 shall be paid in full with claims entitled to priority under 11 U.S.C. §507(b) paid in full in deferred cash payments.

   a)        Debtor(s)' **Chapter 13 attorney fees** shall be paid in the amount of **$_3,000.00**, less **$ 0.00** previously paid by the debtor(s).

   b)        **Tax claims** to be paid as secured, priority, and/or unsecured non-priority in accordance with the filed claim.

   c)        **Domestic support obligation claims** shall be paid as priority; provided, however, any child support and/or alimony obligations which are current at the time of filing and are being paid directly or by wage order deductions shall continue with no payments by the Trustee and per 11 U.S.C. §362(b)(2)(A)(ii) no stay shall be in effect for the establishment or modification of an order for these domestic support obligations.  11 U.S.C. §507 (a)(1)(B) domestic support obligations assigned to a governmental unit may be paid less than 100% in the event this is a five year plan providing for all disposable income; and, these specific assigned domestic obligations are identified as, and shall be paid by the Trustee as follows:

5.    **POST PETITION** claims allowed under 11 U.S.C. §1305 shall be paid in full.  The debtor(s), however, must stay current with post-petition tax obligations.  In the event the debtor(s) have self-employment income, all required quarterly estimated tax payments shall be timely made.  In the event the debtor(s) have income subject to withholding, the debtor(s) shall ensure that sufficient sums are withheld to cover tax liabilities.  Debtor(s) shall timely file all required federal and/or state tax returns and remit any balance due with the return.  Failure to comply with any of these provisions may result in the dismissal of the case upon motion by any governmental entity and/or Trustee.

6. **SECURED CREDITOR CLAIMS** shall be filed and administered in accordance with applicable Federal Rules of Bankruptcy Procedure, including but not limited to Rules 3001 and 3002.1.   Per Local Bankruptcy Rule 3001-1 (a) and (b), all creditors asserting a security interest in property of the debtor(s) and/or estate must, prior to the meeting of creditors, file proof that the asserted security interest has been perfected in accordance with applicable law, regardless of whether the plan proposes to pay the claim by the Trustee or directly by the debtor(s). Claims are subject to objection if they are not properly documented and/or perfected regardless of confirmed plan treatment.  Claims filed as secured but not given a secured plan treatment hereinafter shall be paid as unsecured.

7. **NON-PURCHASE MONEY SECURITY INTEREST** lien claims of the following creditors are avoided and paid as unsecured:

   **Republic Finance**

8. **SECURED CLAIMS PAID BY THIRD PARTY.**  The Trustee shall make no payments on the following secured lien claims which shall be paid directly by the designated individual; provided, however, in the event of non-payment by the designated individual, an amended deficiency claim shall be allowed unless provided otherwise.

   **Creditor**                  **Collateral**                  **Designated Individual**

9. **SURRENDERED REAL OR PERSONAL PROPERTY :**  The debtor(s) surrenders the following collateral for sale/foreclosure by the secured creditor, and, unless noted otherwise, the creditor shall file and be paid an amended unsecured deficiency claim which shall relate back to a timely filed secured claim.   In order for the amended deficiency claim to relate back to the original claim, the amended claim must be filed within one hundred twenty (120) days from the claims bar date unless the creditor during this time seeks and is granted additional time within which to file any amended deficiency claim.

   **Creditor**                  **Collateral**

10. **LONG-TERM SECURED PERSONAL PROPERTY LIEN(S):** A long-term personal property lien (mobile homes or vehicles extending beyond plan term) exists in favor of _____.  The secured creditor shall be paid a monthly maintenance installment per the claim, but said installment is estimated to be $_____ per month; and, the estimated prepetition arrearage is $____ which shall be paid in full per the claim in monthly installments of $_____ at _____% interest.  This claim shall be paid _____by the Trustee; or, _____directly by the debtor(s).  The lien shall survive the plan.

11. **SECURED PERSONAL PROPERTY CLAIMS**:  The holders of the following secured liens shall be paid the secured amount, interest rate and monthly payment over the plan term.  Any portion of the allowed claim exceeding the specified amount shall be paid as unsecured; provided, however, the lien securing the claim shall be retained until the earlier of: (a) payment of the underlying debt determined under non-bankruptcy law; or (b) discharge under 11 U.S.C. §1328. If this case is dismissed or converted prior to completion, the lien is retained to the extent recognized by applicable non-bankruptcy law.  Secured creditors eligible under 11 U.S.C. §1326(a)(1)(C) for pre-confirmation adequate protection payments shall be paid $50.00 a month until confirmation upon tendering the Trustee an adequate protection order.

| Creditor | Collateral | Amount | Payment | Interest Rate |
|---|---|---|---|---|
| Ally Auto Finance | 2012 Dodge Ram 1500 | To be paid in full (Est. at $33,527.00) | $700.00 | 5% |
| Ally Auto Finance | 2012 Dodge Ram 3500 | To be paid in full (Est. at $33,425.00) | $635.00 | 5% |
| State Farm Bank | 2007 Dodge Dakota | To be paid in full (Est. at $6,047.00) | $300.00 | 5% |

| Capital One Retail Services | 2009 Yamaha Motorcycle | To be paid in full (Est. at $8,149.00) | $200.00 | 5% |

12. **MORTGAGE CLAIMS:** Mortgage lien holders shall file claims per applicable Federal Rules of Bankruptcy Procedure (FRBP), including but without limitation, Rules 3001 and/or 3002.1.  Claims shall be administered and paid by the Trustee in accordance with said rules, absent objection.  Mortgage creditors receiving maintenance installments hereunder shall be paid the monthly mortgage installment payment per the claim; and the pre-petition mortgage arrearage claim amount shall be paid in equal monthly installments over the life of the plan unless a greater amount is specified.  Creditors filing mortgage claims secured by debtor(s) principal residence shall file: Mortgage Proof of Claim Attachment B10 (Attachment A); Notice of Mortgage Payment Changes on Form B10 (Supplement 1); and Notice of Post-Petition Mortgage Fees, Expenses, and Charges on Form B10 (Supplement 2).  The Trustee shall pay any Notice of Payment Change filed per FRBP 3002.1(b) as of its effective date, absent or until resolution of any objection to the same.  The Trustee shall pay any Notice of Post-Petition Mortgage Fees, Expenses and Charges filed per FRBP 3002.1(c), absent or until resolution of an objection or motion filed per FRBP 3002.1(e) to determine the validity of the fees, expenses and charges.

(A) **PRINCIPAL RESIDENCE SECURED MORTGAGE(S) PER (11 U.S.C. §1322(b)(5)):**  The debtor(s) own principal residential real property located at **117 Union Moores Gap Road, Heiskell, TN 37754**, which is subject to a first mortgage lien in favor of **Knoxville Teachers Federal Credit Union** whose estimated monthly mortgage payment is **$803.00**; and the estimated pre-petition mortgage arrearage is **$0.00**, which shall be paid in monthly installments of $0.00 at 0% interest.  This mortgage shall be paid _____ by the Trustee; or, __X__**directly by the debtor(s).**  The foregoing lien shall survive the plan.  The debtor(s) have a second mortgage lien in favor of _____ whose estimated monthly mortgage payment is $_____, and the estimated pre-petition mortgage arrearage is $_____ which shall be paid in monthly installments of $_____ at _____% interest.  This mortgage shall be paid _____ by the Trustee; or _____directly by the debtor(s).  The foregoing lien shall survive the plan.

(B) **SECURED LONG-TERM MORTGAGE(S) OTHER THAN PRINCIPAL RESIDENCE:**  The debtor(s) own real property located at _____, which is subject to a first mortgage lien in favor of _____ whose estimated monthly mortgage payment is $_____, and the estimated pre-petition mortgage arrearage is $_____, which shall be paid in monthly installments of $_____ at _____% interest.  This mortgage shall be paid _____ by the Trustee; or_____directly by the debtor(s).  The foregoing lien shall survive the plan.  The debtor(s) have a second mortgage lien in favor of _____ whose estimated monthly mortgage payment is $_____, and the estimated pre-petition mortgage arrearage is $_____, which shall be paid in monthly installments of $_____ at _____% interest.  This mortgage shall be paid _____by the Trustee; or _____directly by the debtor(s).  The foregoing lien shall survive the plan.

(C) **STRIPPED MORTGAGE(S)/JUDGMENT LIEN(S):**  The debtor(s) own real property located at _____ which is subject to a mortgage or judgment lien in favor of _____.  This lien is not subject to any discharge exception, but is completely unsecured and, is therefore avoided, stripped down and paid as a non-priority, unsecured creditor as provided for under this plan; and, the lien shall be released by the creditor not later than 30 days after the completion of the plan and discharge of debtor(s).

(D) **MORTGAGE(S)/JUDGMENT LIEN(S) TO BE PAID IN FULL OVER PLAN TERM:**  The debtor(s) own real property located at _____, which is subject to a mortgage and/or judgment lien in favor of _____.  The balance is estimated at $_____; however, the actual principal balance per the claim shall be paid in full over the plan term in monthly installments of $_____ at _____% interest.  The lien shall be released by the creditor not later than 30 days after completion of the plan and discharge of the debtor(s).

13.  **NON-PRIORITY UNSECURED CREDITORS** shall be paid pro-rata by the Trustee on a funds available basis which may exceed, but will not be less than the following dividend range: _____ 0%; _____ 1%-5%; _____ 6%-20%; _____ 21% -70%, _____ 71% - 100%; or __**X**__ **100%.**

14.  **COSIGNED DEBT.**  The following cosigned claims shall be paid by the Trustee in full at the claim contract rate of interest not to exceed 24% interest for the full protection of co-debtor(s):

| Creditor | Approximate Balance | Monthly Payment |
|----------|--------------------|----------------|

15.  **EXECUTORY CONTRACTS AND UNEXPIRED LEASES.**  Except for the following which are assumed, all executory contracts and unexpired leases are rejected with any claim arising from rejection to be paid as unsecured:

16.  **QUALIFIED RETIREMENT AND/OR PENSION** loans or claims shall be paid directly by debtor(s) pursuant to the terms of plan administration with no payments by the Trustee.

17.  **\*SPECIAL PROVISIONS**.

October 13, 2014

**/s/ Danny Lee Hutchens**
**/s/ Cynthia Simmons Hutchens**

**/s/ Zachary S. Burroughs**
**/s/ Joseph D. McReynolds**
**Zachary S. Burroughs, # 025896**
**Joseph D. McReynolds, # 028229**
**Clark & Washington, LLC**
**408 S. Northshore Drive**
**Knoxville, TN 37919**
**(865) 281-8084 (phone)**
**(865) 862-8799 (fax)**
**cwknoxville@cw13.com**